UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAN GREENE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. ORTIZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-01330-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 14] |

Plaintiff Rashan Greene is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed December 4, 2018.

**I.**

**BACKGROUND**

On October 9, 2018, the Court found that Plaintiff's complaint failed to state a cognizable claim for relief and granted plaintiff thirty days to file an amended complaint addressing the deficiencies identified by the Court. (ECF No. 8.) Plaintiff failed to file an amended complaint within thirty days. Therefore, on November 19, 2018, the Court issued Findings and Recommendation recommending the action be dismissed for failure to comply with a court order and failure to state a cognizable claim for relief. (ECF No. 11.) On this same date, Plaintiff filed a motion for an extension of time to file an

1

amended complaint, which was placed on the docket after the issuance of the Findings and Recommendations. (ECF No. 12.) On November 20, 2018, the Court vacated the November 19, 2018 Findings and Recommendation and granted Plaintiff thirty days to file an amended complaint. (ECF No. 13.) As previously stated, on December 4, 2018, Plaintiff filed a first amended complaint which is presently before the Court for screening pursuant to 28 U.S.C. § 1983. (ECF No. 14.)

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

## III.

## COMPLAINT ALLEGATIONS

On November 18, 2016, at around 8:20 a.m., officer M. Ortiz went to Plaintiff's cell and ordered Plaintiff and his cellmate to step out of the cell and get in the lower B shower. Ortiz then ordered Plaintiff and his cellmate to strip out of their clothing. Ortiz ordered Plaintiff to turn around, bend at the waist, open his buttocks and cough. After complying with Ortiz's orders, he said, "I want to see what you had for breakfast, do it again…This time, open wider until I can see what you had for breakfast." Ortiz continued ordering Plaintiff and his cellmate to bend and spread open their buttocks over four times before giving them back their clothing. Ortiz detained them in the shower area, then conducted a cell search. About an hour later, Ortiz returned and stated, "I'm not done with you black assess… let's do this again." Ortiz ordered Plaintiff and his cellmate to take their clothing off and ordered them to follow his orders slowly. Ortiz pulled out his pepper spray can, and ordered them one at a time to bend over and crack it open. As Plaintiff and his cellmate complied, Ortiz made sexual jokes and comments about their buttocks while threatening the use of pepper spray. Ortiz then took Plaintiff to potty-watch and ordered him to defecate in a mop bucket.

Correctional officers J. Acevedo, S. Sevilla and M. Rodriguez failed to take reasonable measures to protect Plaintiff and his cellmate from Ortiz's actions.

## IV.

## DISCUSSION

### A.   Fourth Amendment Unreasonable Searches

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the

justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

Although inmates, have a "limited right to bodily privacy," Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988), the Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse, Schwenk v. Hartford, 204 F.3d 1187, 1196-1197 (9th Cir. 2000). The Ninth Circuit has recognized that digital rectal searches are highly intrusive and humiliating. Tribble v. Gardner, 860 F.2d 321, 324 (9th Cir. 1998). Prisoners thus have a clearly established right to be free from digital rectal searches conducted for purposes unrelated to legitimate penological concerns. Tribble, 860 F.2d at 325-327. A digital rectal search may violate the Eighth Amendment if it is not reasonably related to any legitimate penological concerns. Id. at 325 n. 6.

The Supreme Court has held that visual body cavity searches performed to prevent prisoners' possession of weapons and contraband are reasonable, even in the absence of probable cause. Bell, 441 U.S. at 558-560. In addition, the Ninth Circuit has held that visual body cavity searches "involving no touching" are reasonable. Michenfelder, 860 F.2d at 332. "The prisoner bears the burden of showing that prison officials intentionally used exaggerated or excessive means to enforce security in conducting a search." Thompson v. Souza, 111 F.3d 694, 700 (9th Cir. 1997).

In this instance, Plaintiff fails to state a cognizable claim under the Fourteenth Amendment. Although Plaintiff contends that he was subjected to a number of rectal digital searches on November 18, 2016, there are insufficient factual allegations to demonstrate that the searches were unreasonable under the circumstances. Even assuming the validity of Plaintiff's allegations, the searches took place on one single day, by the same gender prison official, involved both Plaintiff and his cellmate, did not involve any physical contact, and resulted in Plaintiff being placed on potty-watch. While Plaintiff may not have agreed with the strip-searches, "[u]npleasant physical measures—e.g., a strip search—may be necessary to secure the safety of an institution even though they impinge on the dignity of innocent inmates." Wagner v. Cnty. of Maricopa, 706 F.3d 942, 948 (9th Cir. 2013), opinion amended 747 F.3d 1048 (citing Bull v. City and County of San Francisco, 595 F.3d 964). Given these

circumstances, there is no basis to find that the searches were unreasonable. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### B. Eighth Amendment Unreasonable Searches

In some cases, an inmate's Eighth Amendment right to be free from cruel and unusual punishment may be implicated by a search. Harris v. Miller, 818 F.3d 49, 63-64 (2d Cir. 2016). A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and indications of alteration omitted).

Although inmates, have a "limited right to bodily privacy," Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988), the Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse, Schwenk v. Hartford, 204 F.3d 1187, 1196-1197 (9th Cir. 2000). The Ninth Circuit has recognized that digital rectal searches are highly intrusive and humiliating. Tribble v. Gardner, 860 F.2d 321, 324 (9th Cir. 1998). Prisoners thus have a clearly established right to be free from digital rectal searches conducted for purposes unrelated to legitimate penological concerns. Tribble, 860 F.2d at 325-327. A digital rectal search may violate the Eighth Amendment if it is not reasonably related to any legitimate penological concerns. Id. at 325 n. 6. The Ninth Circuit has also held that, under limited circumstances, a bodily search involving intimate touching may inflict psychological pain sufficient to implicate the Eighth Amendment even in the absence of sexual assault. In Jordan v. Gardner, the Ninth Circuit held that a prison policy requiring male guards to conduct frequent random clothed body searches of female inmates constituted cruel and unusual punishment when the policy was adopted despite the warnings of prison psychologists that the intrusive searches would severely traumatize inmates, many of whom had pre-incarceration histories of sexual abuse by men. Jordan, 986 F.2d at 1523-1531. By contrast, the Ninth Circuit has also found that "the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in

this nation's prisons" of which "we do not approve," but which do not violate the Eighth Amendment. Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) (internal quotation marks omitted). Thus, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9; Calhoun v. DeTella, 319 F.3d 936, 939 (9th Cir. 2003).

Plaintiff fails to state a cognizable claim under the Eighth Amendment for cruel and unusual punishment. Plaintiff alleges that on November 18, 2016, he and his cellmate were subjected to multiple strip searches, and Plaintiff was ultimately placed on potty-watch. Plaintiff's factual allegations demonstrate nothing more than verbal comments without any physical contact, which is insufficient to give rise to a claim under the Eighth Amendment. The fact that Plaintiff and his cellmate were subjected to searches on one single day by the same gender prison staff without any physical contact is insufficient to give rise to a claim under the Eighth Amendment. Accordingly, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

The Court notes that Plaintiff also contend that Defendants violated the "PREA" (Prison Rape Elimination Act). However, Plaintiff is advised that he PREA did not create a private cause of action. Miller v. Brown, No. 1:12-cv-01589-LJO-BAM, 2014 WL 496919, at *8 (E.D. Cal. Feb. 6, 2014), report and recommendation adopted, No. 1:12-cv-01589-LJO-BAM, 2014 WL 806957 (E.D. Cal. Feb. 28, 2014); Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *4 (E.D. Cal. Dec. 15, 2009). Therefore, Plaintiff has failed to state a claim for violation of the PREA.

**C.     Failure to Protect**

Plaintiff contends that Defendants Acevedo, Sevilla, and Rodriguez failed to take reasonable measures to protect him from officer Ortiz's action.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

As an initial matter, Plaintiff has failed to demonstrate that Defendant Ortiz violated his constitutional rights; therefore, Defendants Acevedo, Sevilla, and Rodriguez cannot be liable for failing to protect Plaintiff. Furthermore, even if Plaintiff did state a cognizable claim against Defendant Ortiz, Plaintiff fails to provide any factual detail surrounding his claim that Defendants had the ability to protect and failed to do so. Accordingly, Plaintiff fails to state a cognizable failure to protect claim.

## V.

## CONCLUSION AND RECOMMENDATIONS

For the reasons discussed herein, Plaintiff fails to state a cognizable constitutional claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a constitutional claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief;
2. The Clerk of Court be directed to terminate this action.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 5, 2018__

UNITED STATES MAGISTRATE JUDGE