UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAN GREENE,<br>Plaintiff,<br>v.<br>M. ORITZ, et al.,<br>Defendant. | No. 1:18-cv-01330-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM A FINAL JUDGMENT<br><br>(ECF No. 18) |

On March 15, 2019, Plaintiff Rashan Greene ("Plaintiff") filed the instant action pursuant to 42 U.S.C. § 1983, which was dismissed for failure to state a cognizable claim for relief. (*See* ECF Nos. 16, 17.)

On May 10, 2022, Plaintiff filed a motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60. (ECF No. 18.) Plaintiff's motion seeks relief based on "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1) and "any other reason that justifies relief" under Rule 60(b)(6). (*Id.* at 3.) The Court finds that Plaintiff's motion fails to demonstrate that he is entitled to relief from the court's judgment under either subsection of Rule 60.

///

## I. LEGAL STANDARD

Under Rule 60(b), the court may relieve a party from a final judgment based on several different reasons. *See* Fed. R. Civ. P. 60(b). Under Rule 60(b)(1), excusable neglect encompasses situations where failure to comply with a filing deadline is attributable to negligence. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). To determine whether neglect is excusable, the court considers the relevant circumstances surrounding the party's omission." *Id.* (internal citations omitted). Furthermore, a Rule 60(b) motion must be timely, and if brought under reasons (1), (2), and (3), the motion may be brought no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). In other words, any motion pursuant to Rule 60(b)(1), (2), or (3) that is made after one year is untimely. Fed. R. Civ. P. 60(c)(1). According to Rule 6(b), a court must not extend the time to act under Rule 60(b). Fed. R. Civ. P. 6(b). Moreover, the Ninth Circuit has held that the one-year time limit "must be strictly enforced." *McKnight v. Neven*, 366 F. App'x 841, 843 (9th Cir. 2010).

Under Rule 60(b)(6), a party may seek relief from a judgment based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). While Rule 60(b)(6) is often referred to as a "catch-all" provision, courts have interpreted the provision stringently. *See Liljieberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). The provision must be applied sparingly as an equitable remedy to prevent manifest injustice and only when extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). As a result, judgments are not often set aside under Rule 60(b). *Id.* Unlike a Rule 60(b)(1) motion, a Rule 60(b)(6) motion may be considered "even after one year has passed for 'any other reason justifying relief from the operation of the judgment.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

///

///

///

///

## II. ANALYSIS

### a. Motion under Rule 60(b)(1)

To the extent Plaintiff's motion is brought pursuant to Rule 60(b)(1), the motion must be denied as untimely. Plaintiff filed the instant motion over three years after the Court's March 15, 2019, entry of judgment. (*See* ECF Nos. 17, 18.) Therefore, under Rule 60(b)(1), Plaintiff's motion is untimely and is denied on that basis.

### b. Motion under Rule 60(b)(6)

To the extent Plaintiff's motion is brought pursuant to Rule 60(b)(6), Plaintiff does not demonstrate that relief is necessary to prevent a manifest injustice. In his motion, Plaintiff argues that he was never made aware of the Court's order adopting the findings and recommendations for failure to state a cognizable claim for relief, which closed the case. (ECF No. 18 at 4.) Plaintiff vaguely alleges that prison officials, particularly Defendants' co-workers, have been retaliating against him for exercising his civil rights, which has prevented him to receive mail. (*Id.*) There is no indication that Plaintiff had not received the findings and recommendations issued by the Magistrate Judge, (ECF No. 15), or that Plaintiff had not received the order adopting the findings and recommendations. (ECF No. 16.) None of the filings had been returned as undeliverable to Plaintiff. Furthermore, Plaintiff was actively prosecuting his case near the time that the Magistrate Judge had issued the findings and recommendations. (*See* ECF Nos. 12, 14.) In fact, Plaintiff had been served the findings and recommendations, which contained a notice that objections may be filed within twenty-one days. (ECF No. 15.) Plaintiff did not file objections. Therefore, Plaintiff fails to show a "manifest injustice" or "extraordinary circumstances" that warrant the relief sought under Rule 60(b)(6).

///

///

///

///

///

## III. CONCLUSION

Accordingly, Plaintiff's motion to vacate the dismissal, (ECF No. 18), filed on May 10, 2022, is DENIED and the case remains closed.

IT IS SO ORDERED.

Dated: September 27, 2022

UNITED STATES DISTRICT JUDGE